■ In the Matter of Vicki D. Llana et al., Appellants, v Town of Pittstown et al., Respondents. [667 NYS2d 112] —Carpinello, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered September 29, 1995 in Rensselaer County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia*, declare Local Laws, 1994, No. 3 of the Town of Pittstown null and void.

The relevant facts of this case are fully set forth in this Court's prior decision (234 AD2d 881). We withheld decision and remitted the matter to Supreme Court for an analysis pursuant to CPLR 1001 (b) as to whether petitioners should be permitted to maintain this proceeding in the absence of necessary parties. Because we find that Supreme Court's determination upon remittal declining to permit the matter to go forward was not an improvident exercise of discretion (*see, Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716, *affd* 78 NY2d 935), we affirm.

A determination as to whether parties are so "indispensable" that in their absence a matter should not proceed is limited to

those cases where the determination will adversely affect the rights of nonparties (*see*, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 1001.08). Here there can be no question that, in the event Local Laws, 1994, No. 3 (hereinafter Local Law No. 3) is invalidated, the rights of the seven property owners who had been granted subdivision approval prior to the commencement of this proceeding (as well as any other property owners who have since been granted such approval) will be adversely affected. Supreme Court found upon consideration of the statutory factors that they are not only necessary parties under CPLR 1001 (a), but they are also indispensable.

Clearly, prejudice would accrue to these parties if this proceeding was permitted to go forward without them (*see*, CPLR 1001 [b] [2]) because it has not been demonstrated that their interests, as private citizens who have been granted subdivision approval, would be adequately protected by respondents, as municipal entities (*see*, *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, *supra*, at 716; *cf.*, *Matter of Awad v State Educ. Dept.*, 240 AD2d 923, 925; *Arrigoni v Consolidated Rail Corp.*, 155 AD2d 357, 359, *appeal dismissed* 75 NY2d 1004, *lv denied* 78 NY2d 851; *Matter of Sandor v Nyquist*, 45 AD2d 122, 124). Considering the ease with which petitioners could have avoided this dilemma by simply joining them in the first instance (*see*, CPLR 1001 [b] [3]), this failure should not be excused in the interest of justice (*see*, *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, *supra*, at 716-717; *cf.*, *Matter of Greaney v Poston*, 50 AD2d 653), especially since under the particular facts of this case the subdivision applicants were relatively few in number and easily identifiable by access to public records. Moreover, given the nature of the relief sought in the petition—including invalidation of any subdivision approval granted thereunder and injunctive relief enjoining any land clearing upon land which had received subdivision approval—no effective judgment may be made in their absence (*see*, CPLR 1001 [b] [5]).

Imploring this Court to use "imaginative procedures", petitioners seek to save this proceeding by now withdrawing their request for injunctive relief and suggesting that this Court issue any judgment prospectively only. Not only are we unpersuaded that this is a feasible option under the circumstances (*see*, CPLR 1001 [b] [4]), we note that no application to amend the pleadings has been made to Supreme Court. In the event that this Court were to agree with petitioners' arguments on the merits, Local Law No. 3 would be rendered null

and void *ab initio*. Petitioners offer no authority for their proposition that this Court could declare a local law null and void because of procedural infirmities in its adoption, but then exempt certain parties and/or properties from the effects of such invalidation. Just as the repeal of a municipal ordinance wipes out the act for all purposes (*see generally, Matter of Ames v Smoot*, 98 AD2d 216; *Leach v Kenyon*, 146 Misc 571), likewise, we can find no basis for striking down a local law by judicial decree while simultaneously exempting a class of persons from its invalidation.

Finally, to the extent that petitioners assert that this Court's original decision was in error, their appropriate remedy is a motion to reargue (*see, Foley v Roche*, 68 AD2d 558, 567). Even if we were to construe their papers, insofar as they discuss the propriety of this Court's prior decision, to constitute such a motion, petitioners have failed to demonstrate that we overlooked or misapprehended a relevant fact or misapplied any controlling principle of law (*see, id.*).

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.