▮ In the Matter of KINDERHOOK EQUITIES, INC., et al., Respondents, v WALT SIMONSMEIER, as Building Inspector and

Zoning Enforcement Officer of the Village of Kinderhook, et al., Appellants. (Proceeding No. 1.) In the Matter of KINDERHOOK EQUITIES, INC., et al., Appellants, v WALT SIMONSMEIER, as Building Inspector and Zoning Enforcement Officer of the Village of Kinderhook, et al., Respondents. (Proceeding No. 2.) [699 NYS2d 199] —Yesawich Jr., J. Appeal in proceeding No. 1 from a judgment of the Supreme Court (Pulver, Jr., J.), entered March 26, 1999 in Columbia County, which, *inter alia*, granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondents finding petitioners in violation of certain sections of the Village of Kinderhook Zoning Code.

Appeal in proceeding No. 2 from a judgment of the Supreme Court (Cobb, J.), entered December 4, 1998 in Columbia County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondents denying petitioners' request for a certificate of occupancy.

Petitioner Kinderhook Equities, Inc. (hereinafter KEI) owns a parcel of property in the Village of Kinderhook, Columbia County, and petitioner Certified Reports, Inc. (hereinafter CRI) is the owner of a commercial building located on the real property. The genesis of these combined actions and proceedings is respondents' claim that CRI's use of the building violates the Village of Kinderhook Zoning Code (hereinafter the Village Code) in that while petitioners have permit approval to use 4,800 square feet of office space comprising the first and second floor, CRI's use of the basement for that purpose infringes on that limit.

In 1991, the Village of Kinderhook granted KEI a permit to construct the building and CRI subsequently took possession. In May 1992, respondent Walter Simonsmeier, the Village's inspector/zoning enforcement officer, after inspecting the premises issued a temporary certificate of occupancy and, in July 1993, issued a permanent certificate of occupancy. In 1997, prompted by concerns registered by the Village's Mayor, Simonsmeier issued an order to remedy violation to KEI advising that CRI had changed the nature of its occupancy by converting the cellar from storage to office space without first securing a building permit or a certificate of occupancy as required by sections 37-1 and 37-8 (C) of the Village Code.

In response to Simonsmeier's commencement of an action against KEI in Village Court, petitioners initiated proceeding No. 1 to have the violation annulled and for an order declaring that they were not in violation of the Village Code. During the

pendency of proceeding No. 1, petitioners commenced proceeding No. 2 seeking, among other things, to compel issuance of a certificate of occupancy reflecting their right to use the basement as office space. Prior to the trial of proceeding No. 1, Supreme Court (Cobb, J.) dismissed proceeding No. 2, concluding that "unless [petitioners] are successful in their prior action/proceeding [proceeding No. 1], [petitioners] are required to seek and obtain approval from the Planning Board for the use of the cellar as office space". Petitioners appeal from that determination. Upon conclusion of the trial in proceeding No. 1, Supreme Court (Pulver, Jr., J.), *inter alia,* annulled the violation order and permanently enjoined the Village from further interfering with CRI's use of the building's cellar as office space. This appeal by respondents followed.

We affirm the judgment of Supreme Court in proceeding No. 1. Initially, we reject respondents' claim that the trial itself was unfair. Even assuming, without determining, that Supreme Court permitted irrelevant evidence to be introduced during the trial, any such error was not so prejudicial as to warrant reversal (*see,* CPLR 2002; *Rivers v Garden Way,* 231 AD2d 50, 52).

More importantly, credible probative evidence introduced at the trial bears out Supreme Court's decision. Simonsmeier testified that prior to issuing the certificate of occupancy, he inspected all three floors of the building and recalled that at that time the cellar had a drop ceiling, was carpeted and that the walls were sheetrocked. He also observed that the basement contained a lounge and at least one office which admittedly was occupied by a CRI vice-president. Additional testimony revealed that from the time CRI occupied the building, at least seven employees had offices in the basement. Moreover, a review of a videotape made in 1992, shortly after CRI moved into the building, corroborates petitioners' testimonial proof regarding use of the basement as office space. Of further significance was the site plan, introduced at trial, which depicts offices in the basement.

This evidence persuaded Supreme Court, as it does us, that CRI utilized the building's cellar for office space from the outset and that Simonsmeier knew or should have known this prior to issuing the permanent certificate of occupancy in July 1993, thus precluding issuance of a violation order assertedly based upon the unauthorized changed use of the cellar (*see generally, Matter of Kennedy v Zoning Bd.,* 205 AD2d 629, 631). In sum, Simonsmeier's determination that CRI's use of the building's basement violated the Village Code was not rational nor was it

supported by substantial evidence (*see, Matter of Fuhst v Foley*, 45 NY2d 441, 444; *Matter of Iwan v Zoning Bd. of Appeals*, 252 AD2d 913, 914; *Matter of Moody Hill Farms v Zoning Bd. of Appeals*, 199 AD2d 954, 956, *lv denied* 83 NY2d 755).

Parenthetically, we note that although the *amicus curiae*—Village of Kinderhook Citizens Land Use Committee—may be correct in urging that parking restrictions imposed by the Village Code renders use of the basement as office space illegal, as this was not a basis relied upon by Simonsmeier in making his determination, we are powerless to review it on this ground (*see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 758; *Matter of Berchielli v Zoning Bd. of Appeals*, 202 AD2d 733, 734, *lv denied* 83 NY2d 757).

In light of petitioners' recognition that an affirmance of Supreme Court in proceeding No. 1 renders academic its appeal from the determination of Supreme Court in proceeding No. 2, we need not reach the merits of that appeal. Were we to do so, however, we would find merit lacking.

Mikoll, J. P., Mercure, Peters and Mugglin, JJ., concur. Ordered that the judgments are affirmed, without costs.