■ In the Matter of DIRK C. VAN DERWERKER et al., Appellants-Respondents, v VILLAGE OF KINDERHOOK ZONING BOARD OF APPEALS, Respondent-Appellant. [743 NYS2d 588] —Carpinello, J. Cross appeals from an order of the Supreme Court (Cannizzaro, J.), entered June 11, 2001 in Columbia County, which, inter alia, in a proceeding pursuant to CPLR article 78, partially granted respondent's motion to dismiss the petition for failure to join a necessary party.

This proceeding arises out of an ongoing dispute over the use of a parcel of property in the Village of Kinderhook, Columbia County, owned by Kinderhook Equities, Inc. (hereinafter KEI) and leased to Certified Reports, Inc. (hereinafter CRI), which operates a commercial office building on the premises. In a prior proceeding, Supreme Court permanently enjoined the Village from interfering with CRI's use of the building's cellar as office space and this Court affirmed the judgment (*Matter of Kinderhook Equities v Simonsmeier*, 267 AD2d 547). Petitioner Dirk C. Van Derwerker thereafter made several inquiries of the Village Zoning Enforcement Officer regarding CRI's use of the cellar doorway and a driveway for deliveries, as well as to the adequacy of off-street parking. Dissatisfied with the responses to his inquiries, Van Derwerker appealed to respondent. After a public hearing limited to the commercial use of the cellar doorway and driveway, respondent concluded that those uses were, in effect, part of the commercial use of the building's cellar and, therefore, were encompassed by the permanent injunction granted in the prior proceeding. With regard to the adequacy of off-street parking, respondent concluded, in a separate determination, that the administrative appeal was untimely.

In this CPLR article 78 proceeding, petitioners ultimately challenged both determinations and respondent moved to dismiss the petition for failure to join KEI and CRI as necessary parties before the applicable statute of limitations had expired. Supreme Court partially granted the motion by dismissing so much of the petition as challenged the determination regarding the commercial use of the cellar doorway and driveway. The court denied the motion insofar as the petition challenged the determination regarding the adequacy of off-street parking. These cross appeals ensued.[1]

Petitioners contend that because their petition does not chal-

---

1. To the extent that Supreme Court's order denied the motion to dismiss, it appears to be a nonfinal intermediate order in a CPLR article 78 proceeding which is not appealable as of right (*see*, *Matter of Baker v Town of Roxbury*, 220 AD2d 961, *lv denied* 87 NY2d 807). Nevertheless, in the interest of

lenge a permit, variance, license or other similar approval issued to KEI or CRI, neither KEI nor CRI can be a necessary party. We disagree. "A party whose interest may be inequitably or adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding * * *" (*Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763 [citations omitted]). In our decision in the prior proceeding, this Court concluded that CRI's commercial use or occupancy of the building's cellar was encompassed by the permanent certificate of occupancy issued in July 1993 (*Matter of Kinderhook Equities v Simonsmeier, supra* at 549). With regard to CRI's use of the cellar doorway and driveway for deliveries, respondent determined that such use was part of CRI's use of the cellar. Thus, as a result of the judgment in the prior proceeding and respondent's subsequent determination, CRI's use of the cellar doorway and driveway for deliveries is effectively encompassed by the permanent certificate of occupancy issued in July 1993. Accordingly, to the extent that a potential judgment in this proceeding would adversely affect CRI's right to continue the uses encompassed by the certificate of occupancy, CRI was clearly a necessary party and petitioners' failure to make it a party is fatal to this proceeding (*see, Matter of Manupella v Troy City Zoning Bd. of Appeals, supra*; *see also, Matter of Llana v Town of Pittstown*, 245 AD2d 968, 968-969, *lv denied* 91 NY2d 812).[2] Petitioners' claim that CRI's use of the cellar doorway and driveway is separate and distinct from its use of the cellar goes to the merits of their challenge to respondent's determination and, therefore, is irrelevant to the necessary party issue.

We see no reason to reach a different conclusion insofar as the petition seeks to annul respondent's determination regarding petitioners' claim based on the adequacy of off-street parking. The gist of petitioners' claim in this regard is that, in light of the requirements of the zoning ordinance, there is insufficient parking on the commercially zoned portion of KEI's property to permit CRI's commercial use of the cellar in addition to its commercial use of the other two floors of the building. The challenged determination finally resolved this claim at the administrative level. The fact that it did so on a procedural ground—the untimeliness of the administrative appeal—and

judicial economy, we will treat respondent's notice of cross appeal as an application for leave to appeal and grant the application.

2. Inasmuch as petitioners failed to join either KEI or CRI, we need not decide whether both are necessary parties or whether joinder of one would have been sufficient.

not on the merits is irrelevant. As a result of the challenged determination, CRI has the right to use the cellar as additional office space unfettered by petitioners' off-street parking claim. A judgment in petitioners' favor would again expose CRI to this claim and the mere fact that CRI could participate in any administrative hearing on the claim does not, in our view, ameliorate the potential adverse impact. Accordingly, we conclude that CRI was a necessary party with regard to this aspect of the petition as well. In light of petitioners' failure to provide any excuse for failing to join either KEI or CRI as respondents within the applicable statute of limitations period, we conclude that the petition should have been dismissed in its entirety.

Mercure, J.P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied respondent's motion; motion granted in its entirety and petition dismissed; and, as so modified, affirmed.