■ In the Matter of BASHA KILL AREA ASSOCIATION et al., Appellants, v TOWN BOARD OF TOWN OF MAMAKATING, Respondent. [754 NYS2d 714] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Meddaugh, J.), entered May 20, 2002 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to join necessary parties.

On March 27, 2001, respondent enacted a resolution adopting, inter alia, a comprehensive master plan for the Town of Mamakating, Sullivan County, as well as a new zoning law, Local Law No. 1 (2001) of the Town of Mamakating (hereinafter Local Law No. 1), which repealed the former zoning law in effect. In July 2001, petitioners commenced this CPLR article 78 proceeding challenging the resolution and seeking the annulment of, inter alia, the master plan, Local Law No. 1, and all findings made pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), because their implementation would result in negative environmental impacts. In January 2002, petitioners moved by order to show cause to enjoin respondent and the Town Planning and Zoning Boards from acting on any site plan, special use permit or variance application that would affect environmentally sensitive

areas. Respondent cross-moved for summary judgment dismissing the petition on the basis that petitioners failed, within the applicable four-month statute of limitations (CPLR 217 [1]), to join as necessary parties (CPLR 1001 [a]) several property owners who were already granted approvals under Local Law No. 1.* Supreme Court granted the cross motion (CPLR 1001 [b]), resulting in this appeal.

Initially, petitioners contend that those property owners who were granted application approval or variances are not necessary parties to the instant proceeding because their applications were filed prior to enactment of Local Law No. 1 and, therefore, should have been reviewed under the repealed zoning law. However, "[a]s a general rule, when a zoning law has been amended after the submission of an application seeking, e.g., subdivision approval, but before a decision is rendered thereon by the reviewing agency, the courts are bound to apply the law as amended unless 'special facts' indicate that the [local] [b]oard 'acted in bad faith and unduly delayed acting upon [the] application while the zoning law was changed' " (*Matter of Cleary v Bibbo*, 241 AD2d 887, 888, quoting *Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park*, 145 AD2d 478, 479; *see Matter of King Rd. Materials v Garafalo*, 173 AD2d 931, 932). The "special facts" exception has not been established on this record. Furthermore, contrary to petitioners' argument, the fact that requests for "grandfathering" are sometimes entertained does not establish that a repealed zoning law is utilized as a regular practice for pending applications. Thus, the record demonstrates that any applications approved on or after March 27, 2001 were subject to the new zoning law irrespective of when they were originally submitted.

Next, petitioners maintain that those property owners who were granted application or variance approvals under Local Law No. 1 were not necessary parties because their requests were not relevant to the environmental concerns expressed in the petition and their interests are not being directly attacked herein. We disagree. " 'A party whose interest may be inequitably or adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding' " (*Matter of Van Derwerker v Village of Kinderhook Zoning Bd. of Appeals*, 295

---

* The record demonstrates that, in the time period between the enactment of zoning changes and the commencement of this proceeding in July 2001, approvals were given for an undescribed variance, two applications for lot line changes and one application to build a storage structure. We also note that from July 2001 until January 2002, 11 more applications and six variances were approved under the plan and Local Law No. 1.

AD2d 676, 677, quoting *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763). Notably, "the repeal of a municipal ordinance wipes out the act for all purposes" (*Matter of Llana v Town of Pittstown*, 245 AD2d 968, 970, *lv denied* 91 NY2d 812; *see Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland*, 267 AD2d 742, 743, *lv dismissed and denied* 94 NY2d 938). Here, even assuming that petitioners correctly characterize the subject approvals as being unrelated to their lawsuit, since petitioners are seeking to annul and void the entire new zoning law, all property owners granted approval or variances thereunder have an interest in this proceeding and are necessary parties who should have been joined (*see Matter of Llana v Town of Pittstown, supra* at 969).

Furthermore, upon review of the relevant factors contained in CPLR 1001 (b), we also conclude that these property owners were indispensable parties (*see Matter of Amodeo v Town Bd. of Town of Marlborough*, 249 AD2d 882, 884). For example, since there is no reason to assume that the interests of those property owners would be protected (*see Matter of Llana v Town of Pittstown, supra* at 969), the record indicates that prejudice may accrue pursuant to CPLR 1001 (b) (2). In addition, given the fact that the amount of applications affected were few in number and easily identified in the public records, it appears that the prejudice involved herein could have been avoided with relative ease (*see* CPLR 1001 [b] [3]; *Matter of Llana v Town of Pittstown, supra* at 969). Although petitioners maintain that an effective judgment could be rendered in the absence of the property owners as parties (*see* CPLR 1001 [b] [5]), we cannot agree inasmuch as it is unclear what effect rendering the entire zoning law null and void would have on the applications approved. Clearly, Local Law No. 1 cannot be struck down while, at the same time, exempting all completed approvals from the invalidation (*see Matter of Llana v Town of Pittstown, supra* at 970).

We are also unpersuaded by petitioners' contention that joinder can be excused since those property owners who were granted approvals would be protected by the vested rights doctrine if Local Law No. 1 was rendered null and void. Notably, "CPLR 1001 does not speak of vested rights or interests" (*Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 160 [2002]). After all, "the fundamental purpose of joinder is 'to implement a requisite of due process—the opportunity to be heard before one's rights or interests are adversely affected'" (*Matter of Cassidy v New York City Dept. of Correction*, 95 AD2d 733, 734, quoting *Matter of Martin v*

*Ronan*, 47 NY2d 486, 490). In any event, since it appears that the majority of the subject approvals do not involve construction or changes to the land, the vested rights doctrine would not be applicable (*see Matter of Drown, Inc. v Town Bd. of Town of Ellenburg*, 229 AD2d 877, 879, *lv denied* 89 NY2d 802).

The remaining arguments advanced by petitioners have been examined and found to be unpersuasive.

Crew III, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.