In the Matter of CARRIE HADDAD et al., Appellants, v CITY OF HUDSON et al., Respondents. [775 NYS2d 613]—

Kane, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered June 27, 2003 in Columbia County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In 2001, respondent City of Hudson conducted a citywide real property tax reassessment. In 2002, the City conducted a neighborhood revaluation of over 200 parcels, citing concern over rapidly increasing property values in those areas, and increased the valuation of the parcels. The final real property tax assessment roll was filed by respondent Assessor on July 1, 2002.

Thereafter, on November 1, 2002, petitioners, all of whom own property affected by the neighborhood revaluation, commenced this CPLR article 78 proceeding against the City and its Assessor to annul the 2002 real property tax assessment roll. Respondents moved to dismiss the petition, arguing, in part, that dismissal was required due to petitioners' failure to name two necessary parties—Columbia County and the Hudson City School District—prior to the expiration of the statute of limitations. Supreme Court agreed and granted respondents' motion. Petitioners now appeal.

We affirm. "A party whose interest may be inequitably or adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding," and a proceeding may be dismissed if a petitioner fails to join such party (*Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763 [2000] [citations omitted]; *see* CPLR 1001 [a]; 3211 [a] [10]; *Matter of Van Derwerker v Village of Kinderhook Zoning Bd. of Appeals*, 295 AD2d 676, 677 [2002]). The School District and County would both be adversely affected if petitioners succeed here, as they collect tax revenue utilizing the City's assessment roll and would be obliged to make refunds to petitioners; consequently, they are necessary parties (*see Matter of Averbach v Board of Assessors of Town of Delhi*, 176 AD2d 1151, 1153 [1991]). As petitioners have failed to join or serve the County and School District within the four-month statute of limitations, we conclude that Supreme Court did not abuse its discretion in granting respondents' motion to dismiss the petition (*see* CPLR 217 [1]; 1001 [b]; *Matter of Ogbunugafor v New York State Educ. Dept.*, 279 AD2d 738, 739-740 [2001], *lv denied* 96 NY2d 712 [2001]; *Matter of Consolidated Edison Co. of N.Y. v State Bd. of Real Prop. Servs.*, 255 AD2d 8, 11 [1999]).

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.