◼ In the Matter of JANE FREED, Appellant, v NEW YORK STATE RACING AND WAGERING BOARD et al., Respondents. [780 NYS2d 673]—

Crew III, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered April 9, 2003 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition due to petitioner's failure to join a necessary party.

In July 2001, "Aerobee," a thoroughbred race horse owned by petitioner, finished second in a particular race at the Finger Lakes Racetrack in the Town of Farmington, Ontario County, and received $6,000 in winnings. Carmen Iorio's thoroughbred, "We'll See Ya," won that same race and received $18,000 in winnings. We'll See Ya thereafter tested positive for mepivicaine, a prohibited substance (*see* 9 NYCRR part 4043), and, as a result, the steward at the Finger Lakes Racetrack disqualified We'll See Ya and redistributed the purse accordingly.

Iorio appealed the disqualification and a hearing was scheduled. Prior to the hearing date, counsel for respondent New York State Racing and Wagering Board (hereinafter the Board) moved to rescind the disqualification, averring that further investigation disclosed insufficient evidence to sustain the charges against Iorio.* The Hearing Officer agreed and, ultimately, the Board rescinded Iorio's disqualification and directed that the horses be restored to their original finishing order and that the purse be redistributed accordingly.

---

* Specifically, it was discovered that the drug in question had been administered to We'll See Ya for a surgical procedure conducted at least 10 days prior to the race. Counsel for the Board stated at the hearing that he could not prove that the drug had been administered to We'll See Ya within seven days of the race, which was necessary to establish a violation of the Board's rules and sustain the charge against Iorio.

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to set aside the Board's determination. Respondents answered and sought dismissal of the underlying petition based upon, inter alia, petitioner's failure to join Iorio as a necessary party. Supreme Court dismissed the petition on that basis and this appeal ensued.

We affirm. " 'A party whose interest may be inequitably or adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding' " (*Matter of Van Derwerker v Village of Kinderhook Zoning Bd. of Appeals*, 295 AD2d 676, 677 [2002], quoting *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763 [2000]; *see Matter of Basha Kill Area Assn. v Town Bd. of Town of Mamakating*, 302 AD2d 662, 663-664 [2003]). As the owner of We'll See Ya, Iorio plainly would be adversely affected if the Board's determination were overturned and the purse were redistributed. That said, there can be no dispute that Iorio is a necessary party, and, accordingly, petitioner's failure to join him as such is fatal to her claim. Supreme Court, therefore, properly dismissed the petition upon this basis. Petitioner's remaining contentions, although now academic, have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

