■ In the Matter of BOSTON CULINARY GROUP, INC., Formerly Known as Boston Concessions Group, Inc., Appellant, v NEW YORK STATE OLYMPIC REGIONAL DEVELOPMENT AUTHORITY, Respondent. [796 NYS2d 188]—

Spain, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered November 5, 2004 in Essex County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner commenced this CPLR article 78 proceeding in September 2004 against respondent, a public authority (*see* Public Authorities Law § 2608), challenging respondent's May 18, 2004 determination that Service America Corporation, doing business as Centerplate, had submitted the winning bid related to a request for proposals to operate food and other concessions at its Lake Placid and Gore Mountain facilities. Petitioner challenged the adequacy of Centerplate's successful bid, sought an injunction preventing respondent from awarding the contract to Centerplate and requested a declaration that Centerplate's bid was null and void and awarding the contract to petitioner. As petitioner did not name Centerplate as a party to this special proceeding, respondent moved to dismiss the petition due to petitioner's failure to name a necessary party prior to the expiration of the statute of limitations. In a written decision, Supreme Court—addressing and rejecting each of petitioner's claims—granted respondent's motion to dismiss the petition. On petitioner's appeal, we affirm.

Initially, we agree that Centerplate, the successful bidder, was a necessary party to this proceeding by petitioner, an unsuccessful bidder, challenging the award of the bid and seeking to enjoin the award of the contract to that successful bidder (*see Subolo Contr. Corp. v County of Westchester*, 282 AD2d 737, 737 [2001]; *Matter of Utica Sheet Metal Corp. v County of Tompkins*, 40 AD2d 567, 567 [1972]). Plainly, Centerplate was "[a] party whose interest may be inequitably or adversely affected by a potential judgment [and] must be made a party in a CPLR article 78 proceeding" (*Matter of Freed v New York State Racing & Wagering Bd.*, 9 AD3d 808, 809 [2004] [internal quotation marks and citations omitted]; *see* CPLR 1001 [a]; *Matter of Haddad v City of Hudson*, 6 AD3d 1018, 1019 [2004]). The fact that respondent delayed actually executing the contract with Centerplate while it conducted—at petitioner's request—an internal review of the request for proposals process, did not alter Centerplate's status as a necessary party to this special proceeding (*see Matter of Utica Sheet Metal Corp. v County of Tompkins, supra* at 567).

Next, Supreme Court correctly concluded that respondent's determination that Centerplate was the successful bidder became final and binding on petitioner, and the four month statute of limitations began to run, on May 18, 2004, the date the award was made and petitioner was so advised (*see* CPLR 217 [1]; *Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]). Contrary to petitioner's contentions, respondent's internal review of the bidding process, which resulted in its denial of

reconsideration, did not entail a de novo or "fresh and complete examination of the matter based on newly presented evidence" (*Matter of Quantum Health Resources v DeBuono*, 273 AD2d 730, 732 [2000], *lv dismissed* 95 NY2d 927 [2000]) and did not operate to toll the statute of limitations (*see Matter of Pronti v Albany Law School of Union Univ.*, 301 AD2d 841, 842-843 [2003], *lv denied* 100 NY2d 509 [2003]; *Matter of Cabrini Med. Ctr. v Axelrod*, 107 AD2d 965, 967 [1985]). Thus, the statute of limitations expired on September 18, 2004 and, since Centerplate had not been served, dismissal of the petition was proper.

Finally, we discern no abuse of discretion or error in Supreme Court's denial of petitioner's request to order the joinder of Centerplate after the expiration of the limitations period (*see* CPLR 1003; 3211 [a] [10]; *Matter of Brancato v New York State Bd. of Real Prop. Servs.*, 7 AD3d 865, 867 [2004]; *Matter of Haddad v City of Hudson, supra*, at 1019). Likewise, petitioner fails to identify any factors to persuade this Court to exercise its discretion to order Centerplate's joinder, in the first instance, on appeal (*see* CPLR 1003; *cf. Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan*, 86 AD2d 100, 105 [1982], *affd* 60 NY2d 882 [1983]).

Petitioner's remaining contentions lack merit.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that judgment is affirmed, without costs.