*550 OPINION OF THE COURT
David B. Krogmann, J.
Petitioners have commenced this CPLR article 78 proceeding to challenge the comprehensive assessment of parcels of the Pilot Knob and Hadlock Pond areas located in the Town of Fort Ann. The petitioners allege the respondents engaged in selective reassessment to the extent that the assessments relating to the above neighborhoods were separately reassessed for 2005 while the remainder of the Town was assessed by a different process known as “trending,” resulting in disproportionately higher assessments for the referenced areas of the Town. It is alleged the resulting assessments for the Town do not result in a uniform percentage of value as required by Real Property Tax Law § 305 (2). (See Matter of Averbach v Board of Assessors of Town of Delhi, 176 AD2d 1151 [1991].) The court has previously issued orders relative to deposing the assessor and a representative of the assessment service used and the extent of the inquiry for such depositions.
Respondents now move for dismissal pursuant to CPLR 3211 (a) (10); 1001, 1003 and 7804 (f) grounded, inter alia, on the failure to name and serve the school districts which serve the above areas, the Lake George Central School District and the Fort Ann Central School District, as well as the County of Washington. The moving affirmation urges “in an Article 78 proceeding related to real property tax assessment, the school district and the County are necessary parties, since they would both be adversely affected if petitioners succeed, as they collect tax revenues utilizing the municipality’s assessment roll and would be obliged to make refunds to petitioners.”
As referenced by the movants, the instant proceeding was initiated under CPLR article 78. This court’s decision and order in this matter of February 2, 2006 observed the following, which is worth repeating:
“Whereas, [u]nder RPTL article 7, ‘the concern is with the assessment imposed and not the manner in which the assessment was determined’ (Pleasant Va. v Real Prop. Bd., 253 AD2d 8, 13 [2nd Dept. 1999] [quoting Consolidated Edison Co. v. State Bd. Of Equalization & Assessment, 12 Misc 2d 422, 423]); under Article 78, the concern lies with the constitutionality of the Assessor’s methodology (see Krugman v. Board of Assessors of Village of Atlantic Beach, 141 AD2d 175 [2nd Dept. 1988]). Thus, the *551 latter concern inevitably requires inquiry as to what an assessor did or did not do and whether such action or inaction was rational or, to the contrary, arbitrary and capricious.” (See also Matter of Adams v Welch, 188 AD2d 784 [1992].)
Indeed, Real Property Tax Law article 7 describes a purely statutory proceeding and requires, for any assessment challenged under that article, that copies of the petition be mailed to the school district(s) and county treasurer (RPTL 708 [3]) (as well as a village clerk where a village is involved). The statute further provides that the school district may serve an answer or a notice of appearance and thereby “become a party in the proceeding” (RPTL 712 [2-a]). Importantly, RPTL 726 provides specific statutory instruction for the refund of taxes paid based upon an assessment which is found to be excessive. RPTL 726 (1) (c) makes the final order correcting or striking an assessment applicable to a school district “binding on such school district,” and this is so regardless of whether the school district chooses to become a party.
The process of preparing, finalizing and verifying the final assessment roll is totally within the realm of the municipality’s assessor. The preparation does not involve a school district or county personnel {see RPTL 500-516).[1] The instant proceeding, brought as it is under the auspices of article 78 of the CPLR, alleges an unlawful act or process on the part of the assessor for the Town of Fort Ann. It is brought upon a theory, common-law based, that the assessor used a professional appraisal service (here, Maxwell Appraisal Services) to selectively reassess only the lake-front parcels during an ostensible town-wide reassessment for the 2005 tax roll. Petitioners claim that such “selective reassessment” is violative of RPTL 305 and of article XVI of the New York State Constitution.
“[W]here the challenge is based upon the method employed in the assessment of several properties rather than the overvaluation or undervaluation of specific properties, a taxpayer may forego the statutory certiorari procedure and mount a collateral attack on the taxing authority’s action through either a declaratory judgment action or a proceeding pur *552 suant to CPLR article 78.” (Matter of Board of Mgrs. of Greens of N. Hills Condominium v Board of Assessors of County of Nassau, 202 AD2d 417, 419 [1994]; see also Matter of Krugman v Board of Assessors of Vil. of Atl. Beach, 141 AD2d 175 [1988]; Matter of Dudley v Kerwick, 52 NY2d 542 [1981].)
Of particular note is that the petitioners’ wherefore clause seeks an order and judgment:
1. Declaring that the respondents have employed unlawful and illegal methods of reassessing real property in the Town of Fort Ann;
2. Declaring that the 2005 tax roll was unlawfully and illegally prepared using methodology that violates the statutory and constitutional rights of the petitioners and of all persons similarly situated who own lake-front property in the Town of Fort Ann;
3. Declaring that the respondents have unlawfully, illegally and selectively reassessed all lake-front property in the Town of Fort Ann, specifically including the real property of the petitioners herein;
4. Preliminarily and permanently restraining and enjoining respondents from using, in any way, the tentative and/or final assessment roll for 2005 for the levying or collection of town, county, school and other real property taxes; and enjoining respondents from taking action in furtherance of this selective reassessment or for any other purpose;
5. Vacating, annulling and voiding the tentative and/or final assessment roll for 2005;
6. Remitting the roll for a new, proper and lawful reassessment; and
7. Awarding petitioners the costs and disbursements of this proceeding and granting such other and further relief as the court deems proper.
It does not seek refunds from any school district or the County of Washington either by direct request or by inference. If petitioners sought refunds from the school district or county, they might be more clearly interested parties who should be heard. There is no inconsistency (or prejudice) for petitioners not to seek a refund from such entities and thereby not to name them as parties and serve them with process. To the extent that “wherefore” paragraph 4 includes requesting relief “enjoining respondents from using, in any way, the tentative and/or final assessment roll for 2005 for the levying or collection of town, *553 county, school and other real property taxes,” such is only requested of the named respondents and no school district or county official or tax collector is so named. As such, the one request for relief in which the word “school” or “county” even appears could not be applicable against those entities since they are not parties.[2] “The general rule is that a judgment does not bind persons who are not parties to the action.” (Samoorian v Hertz Corp., 15 AD2d 750, 750 [1962].)
It has long been held that the general policy of the CPLR is “to limit the scope of indispensable parties to those cases and only those cases where the determination of the court will adversely affect the rights of nonparties (2 Weinstein-Korn-Miller, N.Y. Civ. Prac., 1Í 1001.01).” (Matter of Castaways Motel v Schuyler, 24 NY2d 120, 125 [1969].) In Matter of Llana v Town of Pittstown (245 AD2d 968, 968-969 [1997]), the Appellate Division confirmed the policy, stating, “A determination as to whether parties are so ‘indispensable’ that in their absence a matter should not proceed is limited to those cases where the determination will adversely affect the rights of nonparties (see, 3 Weinstein-Korn-Miller, NY Civ Prac 1i 1001.08).” Also, see Hitchcock v Boyack (256 AD2d 842, 844 [1998]) where the court recited CPLR 1001 (a) and quoted Siegel, New York Practice § 132 (at 199 [2d ed]): “ ‘[t]he possibility that a judgment rendered without [the omitted party] could have an adverse practical effect [on that party] is enough to indicate joinder.’ ”
Here, petitioners could have chosen to name the school districts and the county and to request relief against them relative to taxes levied by those parties upon assessments the petitioners may eventually be successful in attacking. While good practice may have dictated they do so, that they chose otherwise will not ascribe prejudice to those parties so as to cause the dismissal of the proceeding for failing to name (and serve) them as parties.
The opinion in Matter of Phoenix Capital & Mgt. Corp. v Board of Assessors (153 AD2d 697 [1989]) is also instructive. In Phoenix, the Appellate Division held that Supreme Court erred in granting the branch of the Board of Assessors’ motion to compel joinder of the relevant school district as a party. The *554 court cited a Nassau County Administrative Code section which relieves school districts from liability for the tax refunds (apparently leaving such liability with the county), and concluded, “Inasmuch as school districts in Nassau County have no direct financial interest in the outcome of the proceeding in the form of potential liability to the petitioner for a tax refund, they are not indispensable parties to the proceeding (see, CPLR 3211 [a] [10]; 1001 [b])” (Phoenix at 699).
The petitioners here having not sought a refund and having not named the school districts or the county, those entities have no financial interest in the outcome of the proceeding and they are not “indispensable parties to the proceeding.”
Movants cite several recent cases upon which they claim conclusively determine that a school district and county are necessary parties in all CPLR article 78 challenges to the procedures used by a municipality’s assessor. As noted above, movants assert the school districts and county “would both be adversely affected if petitioners succeed, as they collect tax revenues utilizing the municipality’s assessment roll and would be obliged to make refunds to petitioners,” and recite Matter of Haddad v City of Hudson (6 AD3d 1018 [2004]).[3]
[4]In Haddad, the Appellate Division cited many clear-cut zoning cases that relate to failing to make an affected landowner a party. It is also obvious that the Haddad petitioners demanded refund(s) in their prayer for relief because it was found that the school district and county “would both be adversely affected if petitioners succeed here, as they collect tax revenue utilizing the City’s assessment roll and would be obliged to make refunds to petitioners; consequently, they are necessary parties” (at 1019, citing only Averbach, supra).* As discussed above, the instant proceeding is not governed by RPTL article 7 and so the statutory provision for requiring a refund of taxes is not applicable.[5] This CPLR article 78 proceeding relying as it does on common *555 law produces no adverse effect on the school districts and county where petitioners have chosen not to seek any relief in the form of refunds (if successful) from them. Where the school districts and county levy their taxes based upon the final town assessment roll in effect at a particular time and there is no statutory refund requirement and petitioners request no refund in their papers, those entities are not affected by any adjustment to component assessments in the Town’s tax roll which occurs as a result of a judgment in an article 78 proceeding after such entities have availed themselves of the tax roll.[6]
Movants also cite Matter of Resnick v Town of Canaan (38 AD3d 949 [2007]) and Windy Ridge Farm v Assessor of Town of Shandaken (45 AD3d 1099 [2007], affd 11 NY3d 725 [2008]). In Resnick, the petitioners brought separate proceedings, one under RPTL article 7 challenging the assessed amount, and the other under CPLR article 78 alleging a selective reassessment, and apparently choose to name the school districts and county as parties, serving them only as provided under RPTL article 7. Both entities appeared without contesting service, and the court (at 951) made passing notice that they “are necessary parties to the Article 78 proceedings,” citing Haddad. In Windy Ridge, the Court of Appeals held that the discretionary factors set out in CPLR 1001 (b) relating to the excusing of joinder of a necessary party are only applicable where the court otherwise does not have jurisdiction over such necessary party.[7] (A factor which does not exist in the instant matter.) The Appellate Division in Windy Ridge had held the county and school district were necessary parties citing Haddad and Resnick as its only basis. As the Haddad opinion determined that the school district and county “would be obliged to make refunds to petitioners” (6 AD3d at 1019), and those entities have no such obligation here, Haddad and the cases leaning on it are distinguished.
*556 A concluding analysis must also recognize the content of CPLR 7806 captioned “Judgment.” As pertinent, it reads:
“Any restitution or damages granted to the petitioner must be incidental to the primary relief sought by the petitioner, and must be such as he might otherwise recover on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his official capacity” (CPLR 7806 [emphasis supplied]; see Matter of Gross v Perales, 72 NY2d 231, 235 [1988]).
Indeed, the statute itself would prevent a judgment from being awarded in a CPLR article 78 proceeding unless it was incidental to the primary relief and it is of the type otherwise recoverable against a party to the proceeding.
Here, by design or neglect, petitioners:
(1) do not seek relief in the nature of a refund;
(2) have not named (or served) certain parties against which they might possibly claim a refund if the article 78 challenge is successful, but which have no other connection to the procedures under review;
(3) are not entitled to refunds as a matter of law if successful as the proceeding was not brought under RPTL article 7; and
(4) are prevented by statute from seeking refunds of school and/or county taxes paid as restitution is permitted, if at all, only against the same body or officer named as a respondent in the article 78 proceeding.
Adjudged, respondents are not entitled to a dismissal of the petition for failure to join necessary parties.

. The county director of real property tax services is referenced in RPTL 504 and preparation of tax maps is placed with the county pursuant to RPTL 503, but these are ministerial related duties which do not place any responsibility for devising the amount of any assessment with county personnel.

. It is obvious that the 2005 assessment roll has long since been used by the entities relying upon the same for levying of their taxes. If petitioners had sought a restraining order (an unlikely event) preventing the finalization of the original roll so as to prejudice a school district or the county, such entities would likely be necessary parties.

. The court is mindful of the recent decision of the Court of Appeals in Windy Ridge Farm, v Assessor of Town of Shandaken (11 NY3d 725 [2008]).

. Averbach recognized an article 78 proceeding as the proper route to challenge the assessor’s methodology. It did not deal with unnamed school districts or county. The Haddad court specifically recognized the discretion vested in Supreme Court upon such motions when “concluding] that Supreme Court did not abuse its discretion in granting respondents’ motion to dismiss the petition” (6 AD3d at 1019).

. It is noted that RPTL 726 (1) begins, “If in a final order in any proceeding under this article it is determined that the assessment reviewed was excessive, [or] unequal” a refund shall be made. (Emphasis supplied.)

. It should be observed that the authorization of a school district to use “the latest final assessment roll” of the respective city or town and for the assessors to “deliver the appropriate portion of the final assessment roll to the school authorities of each school district” (RPTL 1302 [1], [2]) is found in RPTL article 13. That article describes apportionment, levy and warrant procedures. It contains no statutory reference to refunding taxes paid based upon the final assessment roll.

. Petitioners also argued that the factors set forth in CPLR 1001 (b) excusing joinder of an otherwise necessary party were applicable. The Court of Appeals in Windy Ridge (supra) determined that such analysis is available only where the court does not otherwise have jurisdiction over an indispensable party. Here, the court would otherwise have jurisdiction, so that CPLR 1001 (b) would not save the day for petitioners if that issue were reached.