■ In the Matter of FANNY OGBUNUGAFOR, Appellant, v NEW YORK STATE EDUCATION DEPARTMENT, Respondent. [718 NYS2d 477] —Spain, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered July 22, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for, *inter alia*, lack of standing.

Petitioner, acting *pro se*, commenced this CPLR article 78 proceeding challenging a written determination of respondent's Commissioner which dismissed her appeal challenging her nonappointment to a vacant social studies teaching position in the Union Free School District of the Tarrytowns (hereinafter the District). In her petition to the Commissioner, petitioner alleged that the District had denied an interview for the posi-

tion to her and two other unnamed African-American applicants because of their race and complained, *inter alia*, about the alleged lack of racial diversity in the school faculty and administration and the underachievement of nonwhite students in the District.

The Commissioner determined, *inter alia*, that petitioner lacked standing to challenge the nonappointment of other unsuccessful applicants to the social studies teaching position and that petitioner had withdrawn her own request to be appointed to that position. The Commissioner also concluded that petitioner did not have standing to challenge the general lack of diversity among the faculty as her children had graduated before she initiated her administrative appeal and she had no right to assert this claim on behalf of others. To the extent that she challenged the District's failure to appoint her to a different position, the Commissioner dismissed that claim for failure to state a cause of action where, *inter alia*, she failed to identify any other vacant position for which she was qualified. Finally, the Commissioner dismissed the appeal on the merits finding that petitioner failed to show that the District pursued any discriminatory hiring policies for the period in issue.

Petitioner instituted this CPLR article 78 proceeding* alleging that the Commissioner's decision dismissing her appeal was arbitrary and capricious, and that the decision not to hire her out of the pool of 325 applicants for the social studies teaching position was due to the District's discriminatory hiring practices. Supreme Court granted respondent's motion to dismiss the petition, finding, *inter alia*, the Commissioner's determination to be neither irrational nor arbitrary and capricious. We find the issues raised in petitioner's appeal to this Court to be meritless and, therefore, affirm.

Initially and foremost, petitioner's failure to join as parties to this special proceeding both the District (*see, Paynter v State of New York*, 270 AD2d 819) and the person appointed to the social studies teaching position who would have been displaced if petitioner prevailed and were appointed—or his successor— (*see, Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, *affd* 78 NY2d 935) warranted dismissal of her petition in its entirety for failure to join necessary parties (*see*, CPLR 1001 [a]; CPLR 3211 [a] [10]). As

---

* Although petitioner's pleading is denominated as an "Article 78 Petition" and has been treated by the parties and Supreme Court as solely a proceeding pursuant to CPLR article 78, it also seeks declaratory relief and, to that extent, we will treat the pleadings in the special proceeding as pleadings in an action (*see*, CPLR 103 [c]).

these necessary parties were never served prior to the expiration of the Statute of Limitations and did not voluntarily appear, Supreme Court did not abuse its discretion in dismissing this proceeding because of the nonjoinder (*see,* CPLR 1001 [b]; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol, supra,* at 716; *see also, Matter of Manupella v Troy City Zoning Bd. of Appeals,* 272 AD2d 761, 763-764; *Matter of Ernst v New York State Executive Dept., Div. of Parole,* 246 AD2d 738, 739, *lv denied* 91 NY2d 812). Moreover, even if the District and respondent were deemed otherwise united in interest, petitioner's failure to offer any excuse for not naming the District as a respondent in this proceeding—although she did so on her administrative appeal—warranted dismissal (*see, Matter of Baker v Town of Roxbury,* 220 AD2d 961, 963-964, *lv denied* 87 NY2d 807; *see also, Matter of Manupella v Troy City Zoning Bd. of Appeals, supra,* at 764).

Notably, after learning from the District's answer in the administrative appeal that a Hispanic male had been appointed, petitioner stated in her reply that she "would never seek to replace a non-white candidate" and was "overwhelmingly happy to see a Hispanic man in the position of Social Studies teacher at the school." These statements were reasonably interpreted as a withdrawal or waiver of her request to be appointed to that position based upon her claim that the District's failure to appoint her to that position was the result of discriminatory hiring practices.

In addition, the Commissioner correctly concluded that petitioner lacked standing either to challenge the general lack of diversity among the school faculty and administration—as her children had graduated prior to the initiation of her administrative appeal—or to raise challenges on behalf of other unsuccessful applicants, other parents and students or the public at large (*see, Matter of City of New York v City Civ. Serv. Commn.,* 60 NY2d 436, 442-443; *see also, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 769, 772-773; *Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9; *Matter of Sheehan v Ambach,* 136 AD2d 25, 28, *lv denied* 72 NY2d 804). Thus, the petition was properly dismissed in its entirety without consideration of its merits. Even if we were to review the merits of petitioner's discriminatory hiring practices claims, we would agree with Supreme Court's conclusion that petitioner failed to substantiate these claims and, thus, the Commissioner's determination dismissing her administrative appeal was neither arbitrary and capricious nor irrational (*see, Matter of O'Connor v Sobol,* 173 AD2d 74, 77, *appeal dismissed* 80 NY2d 897).

Mercure, J. P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.