■ In the Matter of SUSAN K. BIANCHI, Individually and as Trustee of the Angela Bianchi Irrevocable Trust, Appellant, v TOWN OF GREECE PLANNING BOARD, Respondent. [751 NYS2d 908] —Appeal from a judgment (denominated order) of Supreme Court, Monroe County (Siracuse, J.), entered October 30, 2001, which granted respondent's motion to dismiss the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's resolution granting site plan approval to BRW of Greece, LLC (BRW). Supreme Court properly granted respondent's motion to dismiss the petition for failure to join BRW as a necessary party. BRW did not voluntarily appear or participate in the proceeding and petitioner failed to join BRW as a party within the applicable 30-day limitations period (*see Matter of Karmel v White Plains Common Council*, 284 AD2d 464, 465; *Matter of Amodeo v Town Bd. of Town of Marlborough*, 249 AD2d 882, 884; *see also Matter of Save Woods & Wetlands Assn. v Village of New Paltz Planning Bd.*, 296 AD2d 679; *Matter of Saunders v Graboski*, 282 AD2d 610). Petitioner contends that BRW and respondent are united in interest and that the court therefore abused its

discretion in refusing to allow the proceeding to proceed without BRW as a party (*see* CPLR 1001 [b]). Even assuming, arguendo, that BRW and respondent are united in interest (*cf. Karmel*, 284 AD2d at 465), we conclude that the court did not abuse its discretion pursuant to CPLR 1001 (b) inasmuch as petitioner offered no excuse for failing to name BRW as a party in the first instance (*see Matter of Ogbunugafor v New York State Educ. Dept.*, 279 AD2d 738, 740, *lv denied* 96 NY2d 712; *Matter of Baker v Town of Roxbury*, 220 AD2d 961, 963-964, *lv denied* 87 NY2d 807). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.