In the Matter of JOHN LODGE et al., Appellants, v LOUIS S. D'ALISO et al., Respondents. [767 NYS2d 909]—

In a proceeding pursuant to CPLR article 78 to compel the

respondents, Commissioner of the Westchester County Department of Public Safety and Westchester County, inter alia, to revoke Operations Order No. 02-026, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Barone, J.), dated October 22, 2002, which granted the respondents' motion to dismiss the proceeding for failure to join necessary parties, denied their cross application to add certain individuals as necessary parties, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

A party whose interest may be adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding (see CPLR 1001 [a]; Matter of Martin v Ronan, 47 NY2d 486 [1979]; Matter of McGuinn v City of New York, 219 AD2d 489 [1995]). In the present case, the Supreme Court properly concluded that those police officers who had already been promoted to the rank of sergeant were necessary parties since, if the petitioners were ultimately successful, those sergeants would lose their promotions. Further, since the applicable statute of limitations had already expired, the Supreme Court properly denied the petitioners' cross application to add those applicants as party respondents (see Matter of Ogbunugafor v New York State Educ. Dept., 279 AD2d 738 [2001]). The cross application did not toll the statute of limitations as the petitioners failed to include a copy of the proposed supplemental notice of petition and petition with their cross application (see Perez v Paramount Communications, 92 NY2d 749 [1999]).

The petitioners' failure to adequately explain why they did not include the promoted officers as respondents in a timely manner, despite being aware of the officers' identities, precludes them from proceeding in their absence (see CPLR 1001 [b]; see also Matter of Llana v Town of Pittstown, 245 AD2d 968 [1997]) and from relying on the relation-back doctrine (see Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y., 302 AD2d 155 [2002]).

In light of our determination, we need not reach the petitioners' remaining contentions. Ritter, J.P., Florio, Friedmann and H. Miller, JJ., concur.