■ In the Matter of EAST BAYSIDE HOMEOWNERS ASSOCIATION, INC., et al., Appellants, v JAMES CHIN et al., Respondents. [783 NYS2d 305]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Standards and Appeals of the City of New York dated October 22, 2002, which, after a hearing, granted a variance with respect to real property owned by Chabad of Northeast Queens, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated June 4, 2003, which denied their motion, inter alia, to join Chabad of Northeast Queens as a necessary party, granted the respondents' cross motion to dismiss the proceeding for failure to join a necessary party, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly dismissed the proceeding for failure to timely join the landowner as a necessary party (*see Matter of Ferruggia v Zoning Bd. of Appeals of Town of Warwick,* 5 AD3d 682 [2004]; *Matter of Long Is. Pine Barrens Socy. v Town of Islip,* 286 AD2d 683 [2001]; *Matter of Karmel v White Plains Common Council,* 284 AD2d 464, 465 [2001]). The petitioners' failure to adequately explain why they did not include the landowner, who was subject to the jurisdiction of the court (*cf. Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801 [2003], *cert denied* 540 US 1017 [2003]), as a respondent in a timely manner, despite being aware of its identity, precludes them from proceeding in the landowner's absence (*see* CPLR 1001 [b]; *Matter of Lodge v D'Aliso,* 2 AD3d 525, 526 [2003]; *Matter of Chalian v Malone,* 307 AD2d 619, 621 [2003]; *Matter of Bianchi v Town of Greece Planning Bd.,* 300 AD2d 1043, 1044 [2002]; *Matter of Spence v Cahill,* 300 AD2d 992, 993 [2002]; *Matter of Manupella v Troy City Zoning Bd. of Appeals,* 272 AD2d 761, 763-764 [2000]; *Matter of Llana v Town of Pittstown,* 245 AD2d 968, 969 [1997]). S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.