[839 NE2d 878, 805 NYS2d 525]

In the Matter of Red Hook/Gowanus Chamber of Commerce, Appellant, v New York City Board of Standards and Appeals et al., Respondents.

Argued September 8, 2005; decided October 25, 2005

## POINTS OF COUNSEL

*Weiss & Hiller, PC,* New York City (*Michael S. Hiller* and *Nikol A. Gruning* of counsel), for appellant. I. The Second Department committed clear error of law by wrongfully ignoring the statutorily-required five factors of CPLR 1001 (b). (*Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801, 540 US 1017; *Airco Alloys Div., Airco, Inc. v Niagara Mohawk Power Corp.,* 65 AD2d 378; *Peterman v Pataki,* 4 Misc 3d 1028[A]; *Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.,*

302 AD2d 155; *Matter of The Herald Co. v Feurstein,* 3 Misc 3d 885; *Matter of Martin v Ronan,* 47 NY2d 486; *Matter of Basha Kill Area Assn. v Town Bd. of Town of Mamakating,* 302 AD2d 662; *Matter of Cassidy v New York City Dept. of Correction,* 95 AD2d 733; *Spector v Toys "R" Us,* 2 Misc 3d 1006[A]). II. Had the Second Department properly applied the required five factors, as the First Department did in *Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.* (302 AD2d 155 [2002]), dismissal would have been denied. (*Saratoga County Chamber of Commerce v Pataki,* 100 NY2d 801.) III. The failure by respondents to seek a stay pending appeal, coupled with their participation in the underlying CPLR article 78 proceeding on the merits, constitutes a waiver of the necessary-party defense. (*Matter of Commerce & Indus. Ins. Co. v Nester,* 90 NY2d 255; *Matter of Buffalo Professional Firefighters Assn. Local 282 [City of Buffalo],* 12 AD3d 1087; *Matter of One Beacon Ins. Co. v Bloch,* 298 AD2d 522; *Lofthouse v Paragon Capital Corp.,* 253 AD2d 365.) IV. The relation-back doctrine should be applied in such a manner that achieves its underlying objective. (*Matter of Commerce & Indus. Ins. Co. v Nester,* 90 NY2d 255; *Buran v Coupal,* 87 NY2d 173; *Shaw v Cock,* 78 NY 194; *Harriss v Tams,* 258 NY 229; *Schiavone v Fortune,* 477 US 21; *Duffy v Horton Mem. Hosp.,* 66 NY2d 473; *Vanderburg v Brodman,* 231 AD2d 146; *Messina v County of Nassau,* 147 Misc 2d 889; *Valmon v 4 M & M Corp.,* 291 AD2d 343; *Pappas v 31-08 Café Concerto,* 5 AD3d 452.) V. The 30-day statute of limitations is unconstitutionally arbitrary, capricious and unreasonably short. (*Wilson v Iseminger,* 185 US 55; *Ross v Artuz,* 150 F3d 97; *M.L. Improvement Corp. v State of New York,* 204 App Div 733; *Kentucky Union Co. v Kentucky,* 219 US 140; *Gilbert v Ackerman,* 159 NY 118; *A. Soloff & Son, Inc. v Asher,* 594 F Supp 724; *Fitzpatrick & Weller v Miller,* 309 AD2d 1273; *Planet Constr. Corp. v Board of Educ. of City of N.Y.,* 7 NY2d 381; *South & Cent. Am. Commercial Co. v Panama R.R. Co.,* 237 NY 287; *Matter of Brown & Guenther [North Queensview Homes],* 18 AD2d 327.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Pamela Seider Dolgow, Leonard Koerner* and *Louise Moed* of counsel), for New York City Board of Standards and Appeals and another, respondents. I. The Appellate Division properly dismissed the petition where petitioner failed to name a necessary party to the proceeding before the statute of limitations expired. (*Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.,* 302 AD2d 155; *Matter of Ayres v New York State Commr. of Taxation & Fin.,* 252 AD2d 808; *Matter of Martin v*

*Ronan,* 47 NY2d 486; *Joanne S. v Carey,* 115 AD2d 4; *Hitchcock v Boyack,* 256 AD2d 842; *Matter of Long Is. Pine Barrens Socy. v Town of Islip,* 286 AD2d 683, 97 NY2d 606; *Matter of Karmel v White Plains Common Council,* 284 AD2d 464; *Matter of Save Our-Open Space v Planning Bd. of Vil. of S. Nyack,* 256 AD2d 581, 93 NY2d 808; *Matter of Artrip v Incorporated Vil. of Piermont,* 267 AD2d 457; *Matter of New York City Audubon Socy. v New York State Dept. of Envtl. Conservation,* 262 AD2d 324.) II. Petitioner's challenge to the constitutionality of the 30-day limitation period contained in Administrative Code of the City of New York § 25-207 is not preserved. In any event, the statute is constitutional in all respects. (*People v Oliver,* 63 NY2d 973; *Matter of Anonymous v Codd,* 40 NY2d 860; *Matter of Shavon H.,* 1 AD3d 123; *Gardner v Continuing Dev. Servs.,* 292 AD2d 838; *Hotel Dorset Co. v Trust for Cultural Resources of City of N.Y.,* 46 NY2d 358; *Matter of Department of Social Servs. v Thomas J.S.,* 100 AD2d 119; *Matter of West Flushing Civic Assn. v New York City Bd. of Stds. & Appeals,* 273 AD2d 17; *Matter of Larabe Realty Co. v Silva,* 234 AD2d 297; *Matter of Eberhart v La Pilar Realty Co.,* 45 AD2d 679; *Matter of Neubourg v Glass,* 41 AD2d 833.)

*Bryan Cave LLP,* New York City (*Robert S. Davis, Philip E. Karmel* and *Edward D. Greim* of counsel), and *Goldberg & Cohn, LLP,* Brooklyn (*Elliott S. Martin* of counsel), for 160 Imlay Street Real Estate LLC, respondent. I. The Appellate Division properly granted the City of New York's motion to dismiss under CPLR 3211 (a) (10) because petitioner failed to name a necessary party within the limitations period. (*Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol,* 78 NY2d 935; *Matter of Ferrando v New York City Bd. of Stds. & Appeals,* 12 AD3d 287; *Matter of Cybul v Village of Scarsdale,* 17 AD3d 462; *Matter of East Bayside Homeowners Assn., Inc. v Chin,* 12 AD3d 370; *Matter of Manupella v Troy City Zoning Bd. of Appeals,* 272 AD2d 761; *Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland,* 267 AD2d 742; *Matter of Amodeo v Town Bd. of Town of Marlborough,* 249 AD2d 882; *Matter of Llana v Town of Pittstown,* 245 AD2d 968; *Matter of Bianchi v Town of Greece Planning Bd.,* 300 AD2d 1043; *Matter of Spence v Cahill,* 300 AD2d 992.) II. 160 Imlay Street Real Estate LLC did not waive its statute of limitations defense. (*Matter of Commerce & Indus. Ins. Co. v Nester,* 90 NY2d 255; *Matter of Salino v Cimino,* 1 NY3d 166; *State of New York v Wolowitz,* 96 AD2d 47; *Green v County of Fulton,* 123 AD2d 88.) III. The 30-day statute of limitations does not violate due pro-

cess. (*Mastronardi v Mitchell*, 109 AD2d 825; *Bingham v New York City Tr. Auth.*, 99 NY2d 355; *Matter of Salino v Cimino*, 1 NY3d 166; *Brothers v Florence*, 95 NY2d 290; *Matter of Moran Towing Corp. v Urbach*, 99 NY2d 443; *Matter of West Flushing Civic Assn. v New York City Bd. of Stds. & Appeals*, 273 AD2d 17; *Matter of Larabe Realty Co. v Silva*, 234 AD2d 297; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 78 NY2d 608; *Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson*, 78 NY2d 1083; *Matter of King v Chmielewski*, 76 NY2d 182.)

### OPINION OF THE COURT

Chief Judge KAYE.

Petitioner is a nonprofit organization composed of 85 local business owners in the Red Hook and Gowanus neighborhoods of Brooklyn. In 2000, respondent 160 Imlay Street Real Estate LLC, through a predecessor entity, acquired a 220,000 square foot warehouse and manufacturing facility in Red Hook. Claiming that it could not find a sufficient number of commercial tenants, in September 2002 Imlay applied to the New York City Board of Standards and Appeals (BSA) for a variance to permit conversion of the building from industrial to residential use. Following four days of hearings between March and November 2003—petitioner appeared and opposed the variance—on December 24, 2003 the BSA granted Imlay a hardship variance.

Under Administrative Code of the City of New York § 25-207 (a), petitioner had 30 days in which to challenge the decision. On the thirtieth day—January 23, 2004—petitioner filed its CPLR article 78 petition naming only the BSA and the City as respondents, omitting Imlay. On January 27, 2004, petitioner hand-delivered a courtesy copy of the papers to Imlay's attorney.

Three weeks later the City moved to dismiss the petition on the ground that petitioner had failed to name a necessary party within the statute of limitations period. Petitioner cross-moved to amend its petition to add Imlay as a respondent. Supreme Court denied the City's motion to dismiss and granted petitioner's motion to file an amended petition, adding Imlay as an additional party. The Appellate Division reversed "on the law" and dismissed the proceeding. In full, its relevant ruling reads: petitioner's "failure to adequately explain why it did not include the landowner, who was subject to the jurisdiction of the court, as a respondent in a timely manner, despite being aware of its identity, precludes it from proceeding in the landowner's

absence" (18 AD3d 558, 559 [2d Dept 2005] [citations omitted]). We now reverse.

## Discussion

Plainly, Imlay was a necessary party, and should have been joined in the proceeding at its inception. Having invested significant resources in pursuing its plan to convert the commercial space to luxury apartments, the developer "might be inequitably affected by a judgment" overturning the variance that permitted residential conversion (CPLR 1001 [a]).

██ Further, while both Imlay and the City had the same immediate purpose in opposing the article 78 petition—maintaining the status of the variance—that, in and of itself, does not create a unity of interest such that an action against Imlay relates back to the filing date of the petition (*see* CPLR 203 [c]; *see also Matter of Emmett v Town of Edmeston*, 2 NY3d 817 [2004]). The status of Imlay's property represented a potential loss of millions of dollars to the developer, while the City is necessarily concerned with regulatory and administrative consequences. Such divergent long-term interests cannot be guaranteed to protect Imlay from future prejudice in the case (*Buran v Coupal*, 87 NY2d 173, 178 [1995]). The trial court therefore erred in treating Imlay as united in interest with the City.[1]

While Supreme Court granted petitioner's request to amend its petition to name Imlay, the Appellate Division rested its decision on CPLR 1001, concluding that the action could not proceed without the necessary party. For the Appellate Division, the fact that petitioner had offered no adequate explanation for its failure to name Imlay prior to expiration of the statute of limitations was as a matter of law determinative. That was error.

Under CPLR 1001 (b), when a necessary party

> "has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned. If jurisdiction over him can be obtained only by his consent or appearance, the court, when justice requires, may allow the action to proceed without his being made a party. In determining whether to allow the action to proceed, the court shall consider:

---

1. Having concluded that Imlay and the City were not united in interest, we need not address whether petitioner's failure to name Imlay was merely mistake or attributable to something else (*see Buran*, 87 NY2d at 181).

"1. whether the plaintiff has another effective remedy in case the action is dismissed on account of the nonjoinder;

"2. the prejudice which may accrue from the nonjoinder to the defendant or to the person not joined;

"3. whether and by whom prejudice might have been avoided or may in the future be avoided;

"4. the feasibility of a protective provision by order of the court or in the judgment; and

"5. whether an effective judgment may be rendered in the absence of the person who is not joined."

This provision has deep roots in New York statutory law, dating to the Field Code, which declared that "[w]hen a complete determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in, by an amendment of the complaint, or by a supplemental complaint, and a new summons" (former Code Pro § 102 [1848]). While the joinder provision was amended several times between 1848 and 1963, most recently as part of the adoption of the Civil Practice Law and Rules, the provision for joinder when complete determination of the case required the presence of an additional party remained unaltered (*see* Code Pro §§ 119, 122 [1851]; Civ Prac Act § 193 [1946]; CPLR 1001 [1963]; 1st Preliminary Report of Advisory Comm on Prac and Proc, at 233-256 [1957]).[2] Indeed, bringing necessary parties into the litigation whenever possible has been the common thread of New York's joinder statutes.

Joinder rules serve an important policy interest in guaranteeing that absent parties at risk of prejudice will not be "embarrassed by judgments purporting to bind their rights or interests where they have had no opportunity to be heard" (*First Natl. Bank of Amsterdam v Shuler*, 153 NY 163, 170 [1897]). They also protect against multiple lawsuits and inconsistent judg-

---

**2.** The federal analogue to New York's statute is rule 19 of the Federal Rules of Civil Procedure ("Joinder of Persons Needed for Just Adjudication"). (*See Provident Tradesmens Bank & Trust Co. v Patterson*, 390 US 102, 109 [1968] [under rule 19, dismissal for failure to join a needed party is error unless based on the rule's pragmatic considerations; a court must examine the four elements of the rule "to determine whether, in equity and good conscience, the court should proceed without a party whose absence from the litigation is compelled"].)

ments (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 1001.01 [2d ed]). When enacted in 1963, the CPLR eliminated the Civil Practice Act's distinction between "indispensable" and "conditionally necessary" parties, affording the courts greater discretion in permitting cases to go forward after weighing the interests of the litigants, the absent party and the public (*see* David Siegel, *Introducing: A Biannual Survey of New York Practice*, 38 St John's L Rev 190, 417 [1964]). Indeed, in its present incarnation, the joinder provision is to be employed to avoid dismissal (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 1001.08 [2d ed]).

While a court, then, must use every effort to join a necessary party, there are situations when such a party may be beyond the reach of the court. CPLR 1001 distinguishes between a necessary party "subject to the jurisdiction of the court" and one over whom jurisdiction can be obtained only by consent or appearance. The statute directs that a party subject to the court's jurisdiction *shall be summoned,* while continuance of the action without a necessary party beyond the court's jurisdiction lies within its discretion. Was Imlay, by virtue of the lapsed statute of limitations, subject to, or beyond, the "jurisdiction" of the court as the term is used in CPLR 1001 (*compare Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801 [2003])? We do not answer that question in this case because that issue was not timely, or seriously, raised before us. Rather, both the petitioner and the landowner assumed that jurisdiction over Imlay could only have been obtained by consent or appearance. We will do the same.

▇ When a necessary party can be joined only by consent or appearance, a court must engage in the CPLR 1001 (b) analysis to determine whether to allow the case to proceed without that party. Though CPLR 1001 (b) protects the absent party who might be inequitably affected by a judgment in the action, it also treats dismissal for failure to join a necessary party as a last resort (*see* Siegel, NY Prac § 133, at 227 [4th ed]). Thus, under the statute a court has the discretion to allow a case to continue in the absence of a party, as justice requires. To assist in reaching this decision, the Legislature has set forth five factors a court must consider. Of those five factors, no single one is determinative; and while the court need not separately set forth its reasoning as to each factor, the statute directs it to consider all five. One of the factors a court must consider—"whether and by whom prejudice might have been avoided" (CPLR 1001 [b] [3])—obviously includes inquiry into why a litigant failed to

name a necessary party prior to the expiration of the statute of limitations.

Though article 78 challenges generally must be brought within four months, that limitations period may be shortened by law (CPLR 217). In this case, New York City's Administrative Code shortened the limitations period to 30 days. Short limitations periods are not unusual in municipal zoning (*see e.g.* General City Law § 38; Town Law § 195). The City's legislative determination to impose a 30-day period by which to file a challenge to a zoning decision balances powerful competing interests—allowing for citizen challenges on the one hand, while recognizing the urgency of private interests involving substantial financial investment on the other.

Certainly, 30 days is a brief period, but a challenger need only commence the action within that time, awaiting further proceedings to flesh out the parties' positions.[3] Indeed, even here, both sides have impressed on the Court the urgency of the matter, citing the costs involved in a large-scale development project in a desirable Brooklyn waterfront neighborhood. Except in rare cases, CPLR 1001 (b) should not circumvent the balance struck, and protections offered, by the statute of limitations (*Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716 [3d Dept 1990] [joining a necessary party as respondent after expiration of statute of limitations is "disfavored" by the courts] [citations omitted], *affd* 78 NY2d 935 [1991]).

Forceful though the concerns underlying the statutory limitations period are, however, a court nonetheless must have the opportunity to exercise its discretion in weighing the statutory factors. Lack of an adequate explanation for failing to timely join a necessary party does not as a matter of law in every case divest a court of the statutory directive to consider the enumerated factors (*see Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155 [1st Dept 2002] [proceeding allowed to continue]).

In this case, the trial court granted petitioner's motion to amend and join Imlay, therefore not reaching the CPLR 1001 (b) question whether the action should proceed in Imlay's absence. Having not reached that question, the trial court had

---

3. As petitioner did not preserve its constitutional challenge to the 30-day statute of limitations by raising it before the trial court, we do not address it here.

no occasion to address the discretionary factors, nor did it. The Appellate Division, similarly, gave no indication that it had considered the CPLR 1001 (b) factors. The Court not only explicitly rested its decision on the law but also found "preclusive" petitioner's failure to timely include the landlord without adequate explanation (*see also Matter of East Bayside Homeowners Assn., Inc. v Chin*, 12 AD3d 370 [2d Dept 2004] [same language], *lv denied* 4 NY3d 704 [2005]; *see also Matter of Lodge v D'Aliso*, 2 AD3d 525 [2d Dept 2003] [same language], *lv denied* 2 NY3d 702 [2004]). We thus cannot conclude, as the dissent does, that the Appellate Division really did exercise its discretion, or that it did not abuse its discretion.

While the City and Imlay point to the factual strength of their position under the statute, it is not for this Court in the first instance to weigh the factors. Moreover, we are persuaded by the profusion of cases raising the same or an analogous issue[4] that, for now as well as for the future, it is prudent to reverse and remit this case to the trial court to review the existing record and do what the statute says (*see e.g. Matter of Llana v Town of Pittstown*, 234 AD2d 881, 884 [3d Dept 1996] ["(w)e are consequently faced with a question that was not addressed

---

4. *See Matter of East Bayside Homeowners Assn., Inc. v Chin*, 12 AD3d 370 (2d Dept 2004), *lv denied* 4 NY3d 704 (2005); *Matter of Ferrando v New York City Bd. of Stds. & Appeals*, 12 AD3d 287 (1st Dept 2004); *Matter of Lodge v D'Aliso*, 2 AD3d 525 (2d Dept 2003), *lv denied* 2 NY3d 702 (2004); *Matter of Chalian v Malone*, 307 AD2d 619 (3d Dept 2003); *Matter of Basha Kill Area Assn. v Town Bd. of Town of Mamakating*, 302 AD2d 662 (3d Dept 2003); *Matter of Fagelson v McGowan*, 301 AD2d 652 (2d Dept 2003), *lv denied* 100 NY2d 503 (2003); *Matter of Bianchi v Town of Greece Planning Bd.*, 300 AD2d 1043 (4th Dept 2002); *Matter of Spence v Cahill*, 300 AD2d 992 (4th Dept 2002), *lv denied* 1 NY3d 508 (2004); *Matter of Long Is. Pine Barrens Socy. v Town of Islip*, 286 AD2d 683 (2d Dept 2001), *lv denied* 97 NY2d 606 (2001); *Matter of Karmel v White Plains Common Council*, 284 AD2d 464 (2d Dept 2001); *Matter of Ogbunugafor v New York State Educ. Dept.*, 279 AD2d 738 (3d Dept 2001), *lv denied* 96 NY2d 712 (2001); *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761 (3d Dept 2000); *Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland*, 267 AD2d 742 (3d Dept 1999), *lv denied* 94 NY2d 938 (2000); *Matter of Artrip v Incorporated Vil. of Piermont*, 267 AD2d 457 (2d Dept 1999); *Matter of New York City Audubon Socy. v New York State Dept. of Envtl. Conservation*, 262 AD2d 324 (2d Dept 1999); *Hitchcock v Boyack*, 256 AD2d 842 (3d Dept 1998); *Matter of Amodeo v Town Bd. of Town of Marlborough*, 249 AD2d 882 (3d Dept 1998); *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715 (3d Dept 1990), *affd* 78 NY2d 935 (1991).

Several of the foregoing cases involve—like the present case—an omitted landowner, a land-use challenge and a lapsed statute of limitations, leading us to conclude with the obvious lesson: omitting the landowner from the litigation may be fatal.

by Supreme Court—whether, because the four-month Statute of Limitations has run, petitioners should be permitted to proceed in the absence of necessary parties pursuant to CPLR 1001 (b). Supreme Court did not consider the factors enumerated in this section, and so we withhold decision on this appeal and remit this case to Supreme Court to undertake an analysis pursuant to CPLR 1001 (b) as to whether petitioner in this case should be permitted to proceed in the absence of necessary parties"], *upon remand* 245 AD2d 968, 969 [3d Dept 1997] [affirming trial court's order dismissing under CPLR 1001 (b)], *lv denied* 91 NY2d 812 [1998]). Thus, while an unexplained expired statute of limitations is very strong indication that an action should be dismissed, it is a *factor* in, not *preclusion* of, the requisite analysis.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, for further proceedings in accordance with this opinion.

G.B. Smith, J. (dissenting). CPLR 1001 (b) is a provision that allows judges the discretion to permit litigation to continue without a necessary party, over whom the court lacks jurisdiction, if "justice [so] requires." As the majority says, this statute should not be used except in "rare cases" to "circumvent the balance struck, and protections offered, by the statute of limitations" (majority op at 460). It is clear, as a matter of law, that this is not one of those "rare cases." The allowed lapse of a statute of limitations by a party that offers no good excuse does not outweigh the prejudice to the missing necessary party, and in such a case, the trial court need not weigh the CPLR 1001 (b) factors to determine whether petitioner's case can proceed.

The Red Hook/Gowanus Chamber of Commerce (Chamber) commenced a proceeding against the New York City Board of Standards and Appeals (Board) on January 23, 2004 challenging the Board's grant of a zoning variance, filed December 24, 2003, to Imlay, the owner of a warehouse that wished to convert the building to residential use. Inexplicably, the Chamber never added Imlay as a respondent in its original suit.

When the Board moved to dismiss the petition pursuant to CPLR 3211 (a) (10), 1001, 1003, and 7804 (f) for failure to join Imlay as a necessary party, the Chamber sought to amend its petition to add Imlay. Supreme Court allowed Imlay's joinder, even though the statute of limitations period had expired. The Appellate Division reversed Supreme Court, citing CPLR 1001

(b) and stating Chamber's failure to adequately explain why it did not include Imlay, which had been subject to the jurisdiction of the court, precluded it from proceeding in Imlay's absence. (*Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 18 AD3d 558 [2d Dept 2005].)

The issue here is whether CPLR 1001 (b) applies when jurisdiction has not been obtained over the necessary party because the statute of limitations expired. Stated another way, did the Appellate Division err, as a matter of law, by refusing to allow the proceeding to continue given petitioner's failure to join landowner/developer Imlay within the statute of limitations without good reason? My conclusion is that there was no error. Indeed, as the Appellate Division implicitly found in reversing Supreme Court "on the law" (18 AD3d at 559), it would have been an abuse of discretion to permit the case to proceed.

Compulsory joinder rules exist as "protection of the opportunity and right to be heard in connection with a judicial determination that may affect a party's personal or property rights" (1 Weinstein-Korn-Miller, CPLR Manual § 7.01). CPLR 1001 (b) states in part, "If jurisdiction over him can be obtained only by his consent or appearance, the court, when justice requires, may allow the action to proceed without his being made a party." The determination of whether to dismiss or permit the case to continue in the absence of joinder rests within the court's sound discretion (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801 [2003]). CPLR 1001's Advisory Committee Notes explain, "The considerations enumerated [in CPLR 1001 (b)] are those emphasized in the case law, which, on analysis, indicates that the subject defies definitive statement and that decision must rest in the sound discretion of the court." (Reprinted in NY Cons Law Serv, Book 4B, at 267.)

Discretion about how to apply the factors does not imply an obligation to list and discuss them in every case. Courts should not have to go through each CPLR 1001 (b) factor unless there is a good excuse for the allowed lapse of statutes of limitations, i.e., justice requires the court look at the matter further. Applying such a rule to the case at bar, we must ask, "Does justice require that litigation proceed without a necessary party when the necessary party's identity was known to petitioner, who has no excuse for the party's exclusion?" The answer is no.

Judicial discretion is "the exercise of judgment by a judge or court based on what is fair under the circumstances and guided

by the rules and principles of law; a court's power to act or not act when a litigant is not entitled to demand the act as a matter of right" (Black's Law Dictionary 479 [7th ed 1999]). To force the courts to analyze the CPLR 1001 (b) factors when petitioners are plainly not entitled to prevail is to require a purposeless exercise. What petitioner Chamber terms resort to a "gatekeeper" question is actually the court using its discretion in the only appropriate way, considering that a primary focus of CPLR 1001 (b) is the protection of absent necessary parties (*see generally* 1 Weinstein-Korn-Miller, CPLR Manual § 7.02 ["the general policy of the (CPLR is) to limit the scope of indispensable parties to those cases and only those cases where the determination of the court will adversely affect the rights of nonparties"]).

> "Statutes of limitation, like the equitable doctrine of laches, in their conclusive effects are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." (*Railroad Telegraphers v Railway Express Agency, Inc.*, 321 US 342, 348-349 [1944].)

Under Appellate Division case law, joinder is greatly disfavored where the statute of limitations has expired (*see Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716 [1990], *affd for reasons stated below* 78 NY2d 935 [1991]; *see also Matter of Fagelson v McGowan*, 301 AD2d 652, 652-653 [2d Dept 2003], *lv denied* 100 NY2d 503 [2003]; *Matter of Ogbunugafor v New York State Educ. Dept.*, 279 AD2d 738, 739-740 [3d Dept 2001], *lv denied* 96 NY2d 712 [2001]). The dismissal of a proceeding will generally be upheld where the petitioner (1) knew of the necessary party's identity prior to the expiration of the statute of limitations (*see Matter of Chalian v Malone*, 307 AD2d 619, 620 [3d Dept 2003]; *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763-764 [3d Dept 2000]; *Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland*, 267 AD2d 742, 743-744 [3d Dept 1999], *lv denied* 94 NY2d 938 [2000]) or (2) failed to offer any adequate excuse for his or her failure to join a necessary party (*see*

*Matter of Lodge v D'Aliso*, 2 AD3d 525, 526 [2d Dept 2003]; *Matter of Bianchi v Town of Greece Planning Bd.*, 300 AD2d 1043, 1044 [4th Dept 2002]; *Matter of Spence v Cahill*, 300 AD2d 992, 993 [4th Dept 2002], *lv denied* 1 NY3d 508 [2004]), presumably because, in such cases, the petitioner was in the best position, but failed, to avoid prejudice to the absent party (*see* CPLR 1001 [b] [3]).

If the factors are explicitly weighed, as the majority advocates, the result will not change: the Chamber's case could not proceed. Aside from factor 1, "whether the plaintiff has another effective remedy in case the action is dismissed on account of the nonjoinder" (CPLR 1001 [b] [1]), the remaining factors weigh in Imlay's favor. Factor 2 asks about the prejudice which may accrue from nonjoinder. Imlay would suffer prejudice if it is not joined because it has a proprietary interest in the warehouse and its future development. Factor 3 asks whether and by whom prejudice might have been avoided or may be avoided in the future. The prejudice could have been avoided by the Chamber naming Imlay as a party, or could be avoided in the future if Imlay joined the litigation voluntarily. However, expecting Imlay to voluntarily appear and bear the expense of defending the issuance of its variance is unfair since it is not at fault for petitioner's laxness. Factor 4 questions the feasibility of a protective provision by order or in the judgment. There does not appear to be any purpose to a protective provision by order or in the judgment because if the Chamber wins its suit against the Board, the variance will be repealed and Imlay's economic interests will be directly affected. Factor 5 asks whether an effective judgment may be rendered in the absence of a person who is not joined. It is questionable that an effective judgment could be rendered without Imlay's participation because its interests are directly impacted.

It should not be presumed that in the absence of an explicit weighing of factors, courts from the four appellate departments, over the years, have been abusing their discretion. The majority concludes that Supreme Court must consider all five factors even though jurisdiction was inexcusably lost through petitioner's actions. If a party is necessary but was never subject to the court's jurisdiction, then the court should consider the CPLR 1001 (b) factors before issuing a dismissal. When the statute of limitations has expired without an adequate excuse, however, courts need not recite the CPLR 1001 (b) factors in issuing a dismissal.

Accordingly, I dissent.

Judges CIPARICK, ROSENBLATT, GRAFFEO and READ concur with Chief Judge KAYE; Judge G.B. SMITH dissents in a separate opinion in which Judge R.S. SMITH concurs.

Order reversed, etc.