■ In the Matter of FLORA FASOLDT et al., Respondents, v LAWRENCE BUGBEE et al., Constituting the Rensselaer County Board of Elections, et al., Respondents, and CHRISTOPHER N. CONSUELLO et al., Appellants. (Proceeding No. 1.) In the Matter of JAMES BREARTON et al., Respondents, v LAWRENCE BUGBEE et al., Constituting the Rensselaer County Board of Elections, et al., Respondents, and CHRISTOPHER N. CONSUELLO et al., Appellants. (Proceeding No. 2.) [885 NYS2d 134]—

Per Curiam. Appeal from an order of the Supreme Court (Jacon, J.), entered August 14, 2009 in Rensselaer County, which granted petitioners' application, in proceeding No. 1 pursuant to Election Law § 16-102, to declare invalid the opportunity to ballot petition for the Working Families Party nomination for the office of Rensselaer County Legislator for the 4th Legislative District in the September 15, 2009 primary election.

Appeal from an order of the Supreme Court (Jacon, J.), entered August 14, 2009 in Rensselaer County, which granted petitioners' application, in proceeding No. 2 pursuant to Election Law § 16-102, to declare invalid the opportunity to ballot

petition for the Working Families Party nomination for the office of Rensselaer County Legislator for the 3rd Legislative District in the September 15, 2009 primary election.

On July 23, 2009, two opportunity to ballot petitions were filed with respondent Rensselaer County Board of Elections on behalf of unnamed and undesignated candidates for the Working Families Party for the office of Rensselaer County Legislator for the 3rd and 4th Legislative Districts. Following receipt of general and specific objections thereto, the Board reached a split vote, resulting in the respective petitions being deemed valid. Petitioners in proceeding No. 1, who filed their own petition seeking to be designated as the Working Families Party candidates for County Legislator for the 4th Legislative District, and petitioners in proceeding No. 2, who filed their own petition seeking to be designated as the Working Families Party candidates for County Legislator for the 3rd Legislative District, then commenced these proceedings pursuant to Election Law § 16-102 seeking to invalidate the respective opportunity to ballot petitions. Respondents Christopher N. Consuello, Angela R. Brooks and Adam J. Bugbee (hereinafter collectively referred to as respondents), constituting the Committee to Receive Notices for both opportunity to ballot petitions, moved to, among other things, intervene and dismiss the proceedings for failure to join a necessary party. By orders dated August 12, 2009, Supreme Court concluded that respondents were not necessary parties but nonetheless allowed them to intervene, file an answer and be heard in each proceeding. Thereafter, by orders entered August 14, 2009, Supreme Court invalidated the respective opportunity to ballot petitions, prompting these appeals.*

Dismissal for failing to name a necessary party is not favored (*see generally Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 459 [2005]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1001:1). A necessary party is one that "must be brought into the action when joinder is necessary to accord 'complete relief' between the parties, or when the interests of the person might be 'inequitably affected by a judgment in the action' " (*Saratoga County Chamber of Commerce v*

---

* Although respondents purport to appeal in each proceeding from Supreme Court's August 12, 2009 orders denying their motions to dismiss for failure to join a necessary party and the court's August 14, 2009 orders invalidating the opportunity to ballot petitions, we have been advised that only the latter orders were entered in the Rensselaer County Clerk's office. The appeals from Supreme Court's August 14, 2009 orders, however, bring up for review the denial of respondents' motions to dismiss (*see* CPLR 5501 [a] [1]); hence, that issue is properly before us.

*Pataki*, 100 NY2d 801, 819 [2003], *cert denied* 540 US 1017 [2003], quoting CPLR 1001 [a]). Respondents, who have not alleged that they reside in the pertinent legislative districts and who were permitted to promptly intervene and to be heard on the merits, have not established on this limited record and under the circumstances of these proceedings that they come within the criteria of a necessary party. We are unpersuaded that Supreme Court erred in not dismissing the proceedings based upon the purported failure to name respondents as necessary parties.

As to the invalidation of the opportunity to ballot petitions, respondents have not briefed this issue and, hence, we deem any challenge in that regard to be abandoned (*see Suarez v State of New York*, 60 AD3d 1243 n [2009]). Accordingly, Supreme Court's orders are affirmed.

Spain, J.P., Rose, Lahtinen, Kane and Malone Jr., JJ., concur.
Ordered that the orders are affirmed, without costs.

(August 21, 2009)