JMMJ Dev., LLC v Woodvale Holdings, LLC (2022 NY Slip Op 04335)

JMMJ Dev., LLC v Woodvale Holdings, LLC

2022 NY Slip Op 04335

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

533122
[*1]JMMJ Development, LLC, Appellant,
v
Woodvale Holdings, LLC, Respondent.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

O'Connell & Aronowitz PC, Albany (Kevin Laurilliard of counsel), for appellant.
Whitbeck Benedict & Smith LLP, Hudson (Victor M. Meyers of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Zwack, J.), entered March 8, 2021 in Columbia County, which, among other things, granted defendant's motion for joinder of a necessary party.
In 2017, plaintiff acquired 36 acres of undeveloped real property located on Route 9 in the Town of Greenport, Columbia County, which abuts defendant's property. Defendant's property consists of two adjoining parcels: a shopping center that spanned 22 acres acquired in 1996, as well as a restaurant that sat on a 1.5-acre parcel in 2004, which was subsequently demolished to construct a retail store. As is relevant here, water emanating from above-ground streams and stormwater migrated across Route 9 and onto plaintiff's and defendant's parcels. In fact, a federal wetland is located on the boundary of plaintiff's and defendant's parcels. Prior to defendant's acquisition of its parcels, the Department of Transportation (hereinafter DOT) had constructed a series of catch basins and culverts to mitigate the impact of the accumulation of surface stormwater. In connection with construction of the retail store, defendant retained an engineering firm to reconfigure the existing drainage system on the 1.5-acre parcel. Defendant requested and received permits to fill the federal wetlands, which were ultimately approved by the Town of Greenport Planning Board.
In May 2019, plaintiff commenced this action, alleging multiple causes of action based upon defendant's design and construction of a stormwater drainage system which unlawfully discharges stormwater on plaintiff's property and caused irreparable harm to its property. As is relevant here, defendant answered and asserted that DOT is a necessary party to this action. Thereafter, defendant moved for, among other things, dismissal of the complaint pursuant to CPLR 3211 (a) (10) based upon plaintiff's failure to join DOT as a necessary party and, alternatively, sought to join DOT as a necessary party. Supreme Court denied defendant's request to dismiss the complaint but granted the alternative request to join DOT as a necessary party to the action.[FN1] Plaintiff appeals from the determination that DOT be joined as a necessary party.
Pursuant to CPLR 1001 (a), a necessary party is one "who ought to be [a party] if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (see Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 19 NY3d 543, 550 [2012]; Matter of A & F Scaccia Realty Corp. v New York City Dept. of Envtl. Protection, 200 AD3d 875, 877 [2021]). In support of its motion, defendant proffered, among other things, an affidavit from an engineer employed by the company that undertook the construction of the retail store on defendant's 1.5-acre parcel. The engineer opined that the DOT drainage system, which has existed for at least 60 years, would be disrupted if a permanent injunction were to be granted. Further, he [*2]expressed concerns of potentially serious flooding around Route 9 and in the surrounding area. Additionally, plaintiff proffered, in opposition to the motion, an affidavit of an engineer who acknowledged the existence of a DOT drainage easement on defendant's parcel and that said easement was in effect prior to defendant's development of the parcel. Thus, defendant established that DOT has an interest in real property which "might be inequitably affected by a judgment in the action" (CPLR 1001 [a]; see Halfond v White Lake Shores Assn., Inc., 114 AD3d 1315, 1318 [2014]), and we discern no error with Supreme Court having found DOT to be a necessary party (see generally Matter of Mulford Bay, LLC v Rocco, 186 AD3d 1520, 1521 [2020]; Matter of Farrell v City of Kingston, 156 AD3d 1269, 1271 [2017]).
Lynch, J.P., Clark, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Defendant also sought leave to amend its answer, which the court granted. However, plaintiff has abandoned this issue on appeal by failing to raise it.