Freedman v Goldstein (2023 NY Slip Op 04012)

Freedman v Goldstein

2023 NY Slip Op 04012

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CURRAN, OGDEN, AND GREENWOOD, JJ.

351 CA 22-01678

[*1]CHANA FREEDMAN, PLAINTIFF-APPELLANT,
v
BARBARA GOLDSTEIN, DEFENDANT, MICHAEL GOLDSTEIN AND RICHARD GOLDSTEIN, DEFENDANTS-RESPONDENTS. 

LACY KATZEN LLP, ROCHESTER (HAL KIEBURTZ OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
NOVICK & ASSOCIATES, P.C., HUNTINGTON (ALBERT V. MESSINA, JR., OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Monroe County (Craig J. Doran, J.), entered May 10, 2022. The order granted the motion of defendants Michael Goldstein and Richard Goldstein to dismiss the complaint against them. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action against defendant Barbara Goldstein (Barbara), her aunt, and defendants Michael Goldstein (Michael) and Richard Goldstein (Richard), her uncles, seeking the recovery of certain funds. In her complaint, plaintiff alleged that she opened a bank account to hold money for the benefit of her brother (brother), a nonparty who lives in and is a citizen of Israel. She further alleged that Barbara persuaded plaintiff to transfer the money to her in order to set up a trust for the brother's benefit. Plaintiff alleged that, instead of setting up a trust for her brother's benefit, Barbara transferred the money into defendants' accounts. Michael and Richard moved pursuant to CPLR 3211 (a) (10) to dismiss the complaint against them for failure to join a necessary party, i.e., the brother. Supreme Court granted the motion and dismissed the complaint, and plaintiff now appeals.
Contrary to plaintiff's contention, the court properly determined that her brother was a necessary party to the action. CPLR 1001 (a) provides in relevant part that "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants." In support of the motion, Michael and Richard submitted evidence that the parties were engaged in settlement negotiations, and plaintiff was attempting to get her brother's signature on a release for a settlement of the action. In addition, plaintiff's attorney essentially admitted in opposition to the motion that the brother was a necessary party. Plaintiff's attorney averred that the settlement of the action was contingent on obtaining a release from the brother and that, under the settlement, the money would be held in trust for the brother's benefit, with a portion of the money going to defendants. The attorney also admitted that the brother had as much of a moral or legal claim to the disputed money as did defendants. We therefore agree with the court that the brother was a necessary party inasmuch as he "might be inequitably affected by a judgment in the action" (CPLR 1001 [a]; see Matter of Hartford/North Bailey Homeowners Assn. v Zoning Bd. of Appeals of Town of Amherst, 63 AD3d 1721, 1723 [4th Dept 2009], lv dismissed 13 NY3d 901 [2009]; see generally Matter of Green v Bellini, 12 AD3d 1148, 1150 [4th Dept 2004]).
Plaintiff further contends that the court erred in granting the motion and dismissing the complaint without considering the factors set forth in CPLR 1001 (b). CPLR 1001 (b) provides in relevant part that, when "a person who should be joined under subdivision (a) has not been [*2]made a party and is subject to the jurisdiction of the court, the court shall order [the person] summoned. If jurisdiction over [the person] can be obtained only by [their] consent or appearance, the court, when justice requires, may allow the action to proceed without [their] being made a party." In determining whether to allow the action to proceed, a court must consider the five factors set forth in CPLR 1001 (b). Thus, where, as here, "a necessary party can be joined only by consent or appearance, a court must engage in the CPLR 1001 (b) analysis to determine whether to allow the case to proceed without that party" (Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 459 [2005]; see Miller v Wendy Joan St. Wecker Trust U/A Aug. 28, 1997, 173 AD3d 1007, 1008-1009 [2d Dept 2019]). Courts have discretion to permit a case to go forward without a necessary party "after weighing the interests of the litigants, the absent party and the public" (Red Hook/Gowanus Chamber of Commerce, 5 NY3d at 459). Dismissal of an action for failure to join a necessary party is a "last resort" (id.; see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 821 [2003], cert denied 540 US 1017 [2003]). No single factor under CPLR 1001 (b) is determinative and, "while the court need not separately set forth its reasoning as to each factor, the statute directs it to consider all five" factors (Red Hook/Gowanus Chamber of Commerce, 5 NY3d at 459).
Here, after determining that the brother was a necessary party, the court should not have granted the motion and dismissed the complaint without considering the CPLR 1001 (b) factors (see Eclair Advisor Ltd. v Jindo Am., Inc., 39 AD3d 240, 245 [1st Dept 2007]). Inasmuch as the record is insufficient for us to make a determination with respect to those factors, we hold the case, reserve decision, and remit the matter to Supreme Court for a determination pursuant to CPLR 1001 (b), following a hearing if necessary, whether plaintiff should be permitted to proceed without joining her brother as a party (see Miller, 173 AD3d at 1009; Matter of Llana v Town of Pittstown, 234 AD2d 881, 884 [3d Dept 1996]; Staten Is. Hosp. v Alliance Brokerage Corp., 166 AD2d 574, 576 [2d Dept 1990]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court