Matter of Furnia (2024 NY Slip Op 05855)

Matter of Furnia

2024 NY Slip Op 05855

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

CV-23-1277
[*1]In the Matter of the Estate of Irene E. Furnia, Deceased. Sigrid Furnia, Appellant; Frederick Furnia, as Administrator of the Estate of Irene E. Furnia, Deceased, Respondent.

Calendar Date:October 16, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Frank G. Zappala, Plattsburgh, for appellant.
Law Offices of Stephen A. Johnston, Plattsburgh (Stephen A. Johnston of counsel), for respondent.

Fisher, J.
Appeal from an order of the Surrogate's Court of Clinton County (William A. Favreau, S.), entered June 22, 2023, which, in a proceeding pursuant to SCPA article 18, granted respondent's motion for summary judgment dismissing the claim against decedent's estate.
Irene E. Furnia (hereinafter decedent) had eight children and owned a single-family residence with approximately 140 acres of real property in the Town of Schuyler Falls, Clinton County (hereinafter the subject property). In June 1994, decedent executed a will that provided a bequest to her son and his wife, Gerald Furnia and Sigrid Furnia (hereinafter petitioner), intending to reimburse them in "equal shares" for any monies they expend for the repair, upkeep, renovation, taxes and insurance premiums related to maintaining the subject property. More importantly, the will also placed the residuary of decedent's estate and the subject property into a testamentary trust for the benefit of another son, Leo Furnia, whereby any income generated from the subject property, after expenses were reimbursed, would be paid for Leo Furnia's care, comfort, medical expenses, support and maintenance for the remainder of his life. Upon his passing, the trust terminated and decedent's surviving children would then take the remaining principal in equal shares. Gerald Furnia was appointed executor and trustee, and petitioner was named as an alternate for both roles.
Decedent passed away in October 1995, and Gerald Furnia and petitioner took control of the subject property; neither submitted decedent's will to probate at that time. According to petitioner, she and Gerald Furnia did not collect any income on the subject property — allowing various individuals to live there without paying rent, including themselves — but they paid for repairs, improvements, taxes, insurance premiums and related expenses through their shared bank account until Gerald Furnia passed away in January 2014. Petitioner continued to maintain the subject property without collecting any income until Leo Furnia passed away in December 2017. Thereafter, petitioner attempted to have decedent's will probated and to have herself appointed executor, which was opposed, and Frederick Furnia (hereinafter respondent), another son of decedent, was ultimately appointed administrator c.t.a. of decedent's estate. Petitioner then submitted a verified claim against the estate seeking reimbursement of expenses paid to maintain the subject property pursuant to the bequest in the will, which was rejected by respondent. Following the completion of disclosure, respondent moved for summary judgment dismissing the verified claim, which was opposed by petitioner. Surrogate's Court found that petitioner failed to join Gerald Furnia's estate, which was a necessary party to the claim for reimbursement, and therefore granted respondent's motion for summary judgment dismissing petitioner's verified claim. Petitioner appeals.
The necessary joinder of parties is governed [*2]by CPLR 1001 (a), which provides that a necessary party is one "who ought to be [a party] if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (see SCPA 312; JMMJ Dev., LLC v Woodvale Holdings, LLC, 207 AD3d 830, 831 [3d Dept 2022]). Such requirement carries an important fundamental purpose, "protect[ing] the right to due process by providing such a person the opportunity to be heard before his or her interests are adversely affected" (Arrigo v DiNapoli, 204 AD3d 1339, 1340 [3d Dept 2022]; see Matter of Martin v Ronan, 47 NY2d 486, 490 [1979]). Here, the will provided that Gerald Furnia was to be reimbursed for maintaining the subject property in "equal shares" with petitioner. Further, based on the language used in the will, he may also be entitled to commissions as executor and trustee (see SCPA 2307, 2309). Contrary to petitioner's contention that she was the sole beneficiary of Gerald Furnia's estate, the record fails to demonstrate that Gerald Furnia had executed a will to that effect. Rather, the record demonstrates that Gerald Furnia had at least two children — who were also not the children of petitioner — and therefore his children may be beneficiaries under EPTL 4-1.1 (a) (1) or, as the record indicates that Gerald Furnia may have passed away while residing in Arizona, under Arizona Revised Statutes § 14-2102 (2). Accordingly, Surrogate's Court properly determined that a valid representative from Gerald Furnia's estate was a necessary party to petitioner's verified claim.

However, although the failure to join a necessary party may be grounds for dismissal (see CPLR 1003), where jurisdiction over a party can only be obtained by the party's consent or appearance, "a court must engage in the CPLR 1001 (b) analysis to determine whether to allow the case to proceed without that party"; the statute "treats dismissal for failure to join a necessary party as a last resort" (Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 459 [2005]; see Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 19 NY3d 543, 550-551 [2012]).[FN1] The well-intended decision by Surrogate's Court did not engage in this analysis, and the record and corresponding analysis by the parties is underdeveloped for our proper review and consideration — partially due to the fact that Surrogate's Court appears to have raised this issue on its own, as it is permitted to do (see Matter of Velez v New York State, Dept. of Corr. & Community Supervision, 163 AD3d 1210, 1211 [3d Dept 2018]). Although the record does allow us to consider certain factors — such as the prejudice to Gerald Furnia's children and the unlikely nature that an effective judgment could be rendered in their absence (see CPLR 1001 [b] [4], [5]) — this gives rise to the possibility of additional necessary parties, such as other possible children of Gerald Furnia or of both [*3]Gerald Furnia and petitioner. To this end, the record fails to confirm if the two identified children are "subject to the jurisdiction of the court" and must be joined (CPLR 1001 [b]), or whether they can only be joined by consent or appearance and, therefore, "if joinder cannot be effectuated, the court must then determine whether the proceeding should be permitted to proceed in the absence of necessary parties" (Matter of Smith v New York State Off. of the Attorney Gen., 110 AD3d 1201, 1204-1205 [3d Dept 2013] [internal quotation marks, brackets and citation omitted]). Accordingly, we reverse and remit this case to Surrogate's Court to identify other possible necessary parties and to complete the required analysis under CPLR 1001 (b) (see Matter of Hughes v Delaware County Bd. of Elections, 217 AD3d 1250, 1253 [3d Dept 2023]; see also Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d at 461-462; Matter of Llana v Town of Pittstown, 234 AD2d 881, 884 [3d Dept 1996]). We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Aarons, J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to Surrogate's Court of Clinton County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: CPLR 1001 (b) creates two scenarios as to whether joinder of a nonparty is required or can be excused to allow the action to proceed, and "distinguishes between a necessary party 'subject to the jurisdiction of the court' and one over whom jurisdiction can be obtained only by consent or appearance" (Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d at 459; see Matter of Romeo v New York State Dept. of Educ., 41 AD3d 1102, 1104 [3d Dept 2007]). Since the record demonstrates that there has not been an estate created for Gerald Furnia, who appears to have been a resident of Arizona at the time of his passing, jurisdiction over any estate that is formed would be based on consent or appearance (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 726-727 [2008]; see also Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 19 NY3d at 550-552).